IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **DIKSHIT SHARMA,** § § § | |
| Plaintiff, § § | |
| v. § § | CIVIL ACTION NO.: 4:14-CV-01600 |
| **EMERSON PROCESS MANAGEMENT LLLP, et al.,** § § § § | |
| Defendants. § | |

### DEFENDANTS ROYAL DUTCH SHELL PLC AND SHELL IRAQ PETROLEUM DEVELOPMENT B.V.'S RULE 12(b)(1) AND RULE 12(b)(2) MOTION TO DISMISS

Defendants Royal Dutch Shell PLC ("RDS") and Shell Iraq Petroleum Development B.V. ("Shell Iraq") file this Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(2) and show the Court the following:

### I.
### SUMMARY OF MOTION

Plaintiff is a citizen and resident of a foreign country who contracted to work overseas and who sustained injuries at an overseas worksite. Plaintiff has sued four entities, only one of which, Emerson Process Management, LLLP ("EPM"), is a United States entity, which Plaintiff has attempted to bring into the case under an alter ego theory. Because this Court lacks subject matter jurisdiction over this lawsuit and further lacks personal jurisdiction over RDS and Shell Iraq, Movants request that the Court grant their Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and (12)(b)(2).

## II.
## THE COMPLAINT

Plaintiff Dikshit Sharma ("Plaintiff" or "Sharma") is a foreign individual nonresident of the United States. *See* Doc. No. 1 at ¶¶ 1, 6, 21. He alleges that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(2). *Id.* at ¶ 6.

Sharma has sued four entities in this District. Defendant EPM is a Delaware limited liability limited partnership doing business in Texas. *Id.* at ¶¶ 2-3. A second Defendant, Emerson FZE, is a foreign corporation that has not yet made an appearance in this case. *Id.* at ¶ 2. As discussed in EPM's pending 12(b)(6) motion to dismiss (See Doc. No. 8), the Complaint improperly conflates EPM with FZE, and its conclusory allegations fail to state a claim for alter ego jurisdiction.

Movants RDS and Shell Iraq are foreign entities headquartered in The Netherlands. *Id.* at ¶¶ 4, 5, 21; *see also* Exs. A and B. The Complaint alleges, in the most conclusory terms, that Shell Iraq is an alter ego of RDS and misleadingly refers collectively to these separate entities as "Shell." *Id.* at ¶ 9.

As alleged in the Complaint, Sharma contracted with a foreign entity to provide services overseas. *Id.* at ¶ 14. Sharma seeks damages from RDS and Shell Iraq resulting from physical injuries he sustained while he was on assignment at a "Shell" oil field in Basra, Iraq. Specifically, Sharma claims that "Shell's" improperly-designed storm water pits caused him to fall and to suffer bone fractures and other injuries. He has brought claims against both of these Defendants for negligence and premises liability. *Id.* at ¶¶ 15-19, 29-34. Plaintiff has alleged no claims against RDS or Shell Iraq for actions occurring in this District or even in the United States.

## III.
## 12(b)(1) MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

A court must dismiss a lawsuit if at any time it determines it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). Subject to their Rule 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction below, RDS and Shell Iraq move the Court to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1).

Plaintiff has alleged that the Court has diversity subject matter jurisdiction under 28 U.S.C. § 1332(a)(2). For a court to have jurisdiction based on diversity of citizenship, diversity must be complete. *Panalpina Welttransport GMBH v. Geosource, Inc.*, 764 F.2d 352, 354 (5th Cir. 1985).

Diversity under 28 U.S.C. § 1332(a)(2) is destroyed—and hence the court lacks subject matter jurisdiction—when aliens are present on both sides of the dispute. *Id.* at 355 (upholding dismissal for want of subject matter jurisdiction in a case in which two West German companies sued a Texas and a Cayman Islands company in the Southern District of Texas); (*Air Routing Int'l Corp. v. Promotora Internacional de Aviaction S.A. de C.V.*, 826 F.Supp 1070, 1071 (S.D. Tex. 1993) (J. Hittner) (dismissing case for lack of subject matter jurisdiction in a suit filed by Canadian and Texas plaintiffs against Mexican defendants because of incomplete diversity of citizenship); *Shaanxi Jinye Science Tech. & Edu. Co. v. Chen,* No. H-05-4073, 2006 U.S. Dist. LEXIS 22214, at *3 (S.D. Tex. Apr. 11, 2006) (J. Harmon) ("'[I]n a suit initiated by two alien corporations against two defendants, one of whom is an alien corporation,' 'the *Strawbridge* mandate is not met.'") (quoting *Panalpina*, 764 F.2d at 355). *See also Ed and Fred, Inc. v. Puritan Marine Ins. Underwriters Corp.*, 506 F.2d 757, 758 (5th Cir. 1975) (vacating a lower-court finding of subject matter jurisdiction based on diversity of

citizenship where the plaintiff was a citizen of the Netherlands Antilles and the Defendants were a Bermudan and a United States entity).

Here, Plaintiff is a citizen of a foreign state. Doc. No. 1 at ¶¶ 1, 6. Three of the four Defendants also are aliens. *See id.* at ¶¶ 3-5. Because aliens are on both sides of the suit, this Court lacks subject matter jurisdiction under 28 U.S.C. 1332(a)(2). *See Panalpina*, 764 F.2d at 354; *Air Routing Int'l Corp.*, 826 F.Supp 1070 at 1071; *Ed and Fred,* 506 F.2d at 758. Without waiving their Rule 12(b)(2) Motion to Dismiss for lack of personal jurisdiction set out below, RDS and Shell Iraq therefore request that the Court dismiss Plaintiff's Complaint for want of subject matter jurisdiction.

## IV.
## 12(b)(2) MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

In the unlikely event the Court does not dismiss the Complaint for want of subject matter jurisdiction, it should dismiss Plaintiff's claims against RDS and Shell Iraq for lack of personal jurisdiction.

### A. Exercise of Personal Jurisdiction Over RDS and Shell Iraq Violates the Due Process Clause.

Plaintiffs bear the burden of establishing personal jurisdiction over each Defendant. *Calder v. Jones*, 465 U.S. 783, 790 (1984). To establish this court's personal jurisdiction over nonresident Defendants RDS and Shell Iraq, Sharma must show that exercising jurisdiction over them is consistent with due process standards. *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 854 (5th Cir. 2000) (affirming this Court's finding of no personal jurisdiction against foreign defendants, including RDS and Syria Shell Petroleum Development B.V., in connection with tort claims arising from activities at an overseas oil field).

Due process standards are satisfied only if Plaintiff makes a prima facie case that 1) each movant has purposefully availed itself of the benefits and protections of Texas by establishing minimum contacts with Texas and 2) this Court's exercise of personal jurisdiction over both movants does not offend traditional notions of fair play and substantial justice. *Id.* To establish minimum contacts, Plaintiff must establish that each nonresident Defendant has contacts sufficient to satisfy requirements either for specific or general jurisdiction. *Kelly*, 213 F.3d at 854.

A finding of minimum contacts based on specific jurisdiction is appropriate only when the nonresident corporation "'has purposefully directed its activities at the forum state and the litigation results from alleged injuries that *arise out of or relate to those activities.*'" *Id.* (citation omitted). The court may not assert specific jurisdiction if the nonresident merely has some contacts with the forum state that are unrelated to the plaintiff's claims. *Id.* at 855.

General jurisdiction attaches only when the nonresident defendant has such "systematic and continuous" contacts with the forum state that personal jurisdiction is appropriate even though the plaintiff's claims are not related to those contacts. *Id.* at 854. For a court to assert general, or "all-purpose," jurisdiction over a foreign corporation for events occurring outside of the United States, the corporation must have such extensive contacts with the forum state that it can be regarded as "at home" in that state. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2853-57 (2011) (finding no general jurisdiction over overseas subsidiaries of defendant Goodyear where the plaintiffs' claims were unrelated to any of the subsidiaries' alleged activities in the forum state); *Daimler AG v. Bauman*, 134 S.Ct. 746, 759-63 (2014) (no

general jurisdiction in suit brought in the United States by foreign plaintiffs against a foreign defendant arising from events that occurred in Argentina). The paradigmatic "home" for a corporation is its place of incorporation and principal place of business, i.e., a unique, easily ascertainable, and predictable location. *Daimler AG*, 134 S.Ct. at 760. "Purchases and related trips, standing alone, are not a sufficient basis" for asserting general jurisdiction over a foreign defendant. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 417 (1984).

Here, Sharma has not pled any basis for personal jurisdiction over either RDS or Shell Iraq. In fact, the face of the Complaint indicates no connection between either movant and the state of Texas (or, for that matter, between Plaintiff and Texas). Rather, the Complaint acknowledges that both entities are foreign corporations headquartered in The Hague, Netherlands. Doc. No. 1 at ¶¶ 4-5, 9. RDS and Shell Iraq's alleged tortious conduct occurred entirely at a worksite in Basra, Iraq. *Id.* at ¶¶ 15-19. Sharma allegedly sustained his injuries while working pursuant to a contract that specifically contemplated his performing his duties overseas. *Id.* at ¶ 15.

RDS has not purposefully directed activities into the state of Texas, and its contacts with the state are *de minimis*. RDS is a publicly-traded company organized under the laws of England and Wales. Its principal place of business is in The Netherlands, and it does not reside in or maintain offices in Texas. Neither RDS nor its agents have carried on business in Texas, been qualified or applied to do business in Texas, designated an agent for service of process in Texas, maintained employees in Texas, owned real property in Texas, or contracted to supply any goods or services in Texas. Ex. A. While certain indirect subsidiaries provide investor relations services to

RDS from Texas, Plaintiff's claims do not arise out of these contacts. These facts contravene both general and specific jurisdiction. *See Kelly*, 213 F.3d at 854-55.

Shell Iraq is an indirect subsidiary of RDS formed under the laws of The Netherlands to conduct oil and gas exploration. It is headquartered in The Hague, The Netherlands. Like RDS, Shell Iraq does not reside in or maintain offices in Texas, nor has it ever been qualified or applied to do business in Texas, designated an agent for service of process in Texas, maintained employees in Texas, owned real property in Texas, or contracted to supply any goods or services in Texas. Ex. B.

While neither it nor its agents have carried on business in Texas, Shell Iraq has some minor contacts with Texas in connection with its purchase from United States vendors of certain oil-and-gas processing equipment and services, e.g., gas compression units and a slugcatcher used to process gas. None of the equipment or services associated with the storm water pit, its cover, or the drainage system that allegedly caused Plaintiff's injuries were designed or manufactured in the United States. Ex. B. These contacts with Texas simply have no connection to Plaintiff's claims arising out of alleged tortious conduct in Basra, Iraq. *See* Doc. No. 1 at ¶¶ 14-19. Because Sharma's tort claims for his injuries do not arise out of Shell Iraq's contacts with Texas, specific jurisdiction does not attach in this case. *See Kelly*, 213 F.3d at 855 (upholding this Court's finding of no personal jurisdiction because, even if another defendant's contracts with Texas could be attributed to Syria Shell, plaintiffs' claims did not arise out of those contacts but out of alleged tortious acts committed overseas).

Shell Iraq's contacts with Texas also do not satisfy the standard for general jurisdiction because they are not so systematic and continuous as to render that entity

amenable to jurisdiction in the state for all purposes, i.e., they do not remotely suggest that Shell Iraq is "at home" in Texas as it would be if it were incorporated or had its principal place of business in this forum. *See Goodyear Dunlop Tires Operations, S.A.*, 131 S. Ct. at 2853-54; *Daimler AG*, 134 S.Ct. at 759-63; *Kelly*, 213 F.3d at 854. *See also Helicopteros*, 466 U.S. at 416-17 (finding no general jurisdiction where a foreign defendant had no place of business in Texas and its only contacts were sending an executive to negotiate a contract, receiving funds drawn on a Texas bank account, buying helicopters and equipment in the state, and sending personnel to the state for training).

Sharma's puzzling and conclusory assertion of an alter ego relationship between RDS and Shell Iraq does not support this Court's assertion of personal jurisdiction over either of these entities. First, the assertions are conclusory and on their face do not indicate an alter ego relationship. *See* Doc. No. 1 at ¶ 9 (alleging merely that Shell Iraq is a subsidiary of RDS that shares the same registered address and that RDS formed Shell Iraq to operate in Iraq); *Hargrave v. Fibreboard Corp.*, 710 F.2d 1154, 1160 (5th Cir. 1983) (parent companies and subsidiaries must be treated as separate entities absent a showing of an unusual degree of control by the parent company).

Second, these two entities have conducted themselves in a manner that belies any such alter ego relationship. RDS and Shell Iraq are separate companies formed under the laws of different countries. Exs. A and B. RDS is an indirect parent company of Shell Iraq. As a holding company, its derives its income from its interest in other companies; contrary to allegations in the Complaint, it does not engage in any operational activities, including operation of the subject Iraqi oil field. *See* Ex. A; Doc.

No. 1 at ¶ 9. Shell Iraq was the sole Defendant entity conducting operations at the oil field. The Complaint's allegation that RDS entered into a 20-year contract with the Iraqi Oil Ministry in connection with that oil field is incorrect; the Oil Ministry, through an Iraqi State oil company, entered into the contract with Shell Iraq. RDS was not a party to that contract. Exs. A and B.

Moreover, the Complaint merely asserts that one foreign company, Shell Iraq, is the alter ego of another foreign company, RDS. See id. Even if, arguendo, the entities were alter egos, that would not allege a basis for this Court's personal jurisdiction over either entity in Texas. See Kelly, 213 F.3d at 854 (contacts must be with the forum state).

Because Sharma lacks any basis for asserting specific or general jurisdiction against either RDS or Shell Iraq, the Court should dismiss the Complaint as to these two Defendants for lack of personal jurisdiction.

### B. Exercise of Personal Jurisdiction Over RDS and Shell Iraq Would Offend Traditional Notions of Fair Play and Substantial Justice.

Even if either RDS or Shell Iraq had minimum contacts with Texas, this Court's exercise of personal jurisdiction over them would offend traditional notions of fair play and substantial justice. Both of these Defendants are overseas entities, and the burden on them to litigate this matter in the United States would be substantial. See Asahi Metal Indus. Co. v. Superior Court of Cal., 480 U.S. 102, 113 (1987) ("The unique burdens placed upon one who must defend oneself in a foreign legal system should have significant weight in assessing the reasonableness of stretching the long arm of personal jurisdiction over national borders."); Daimler AG, 134 S.Ct. at 762 (in

connection with the exercise of jurisdiction over foreign entities, courts also must bear in mind "[c]onsiderations of international rapport" and "international comity").

Exercise of personal jurisdiction over RDS and Shell Iraq would especially offend notions of fair play and substantial justice given that the United States and Texas have little—if any—interest in this dispute, which is brought by a foreign plaintiff injured overseas pursuant to a contract contemplating his performance overseas and whose only connection to the sole U.S. Defendant is under an insufficiently pled alter ego theory.[1] *See id.* at 114 (United States had little interest in a conflict that primarily involved a dispute between a Japanese defendant and Taiwanese plaintiff who was not a resident of the state, and the burden on the Japanese defendant was especially unfair given that the transaction had taken place in Taiwan).

Because it would be unreasonable and unfair to hale RDS and Shell Iraq into a lawsuit in the United States, the Court is further justified in granting these Defendants' Motion to Dismiss for lack of personal jurisdiction.

## III.
## CONCLUSION

For the foregoing reasons, this Court should dismiss Plaintiff's claims against Royal Dutch Shell PLC and Shell Iraq Petroleum Development B.V. pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(2) for want of subject matter jurisdiction and personal jurisdiction.

Dated this 26th day of August, 2014.

---

[1] As mentioned, the 12(b)(6) Motion to Dismiss of that entity, EPM, is pending this Court's ruling. *See* Doc. No. 8.

Respectfully submitted,

/s/ Elizabeth B. Kamin
**Elizabeth B. Kamin**
Attorney-In-Charge
State Bar No. 02620900
Federal ID No. 7417
**STRASBURGER & PRICE, LLP**
909 Fannin Street, Suite 2300
Houston, Texas 77010
(713) 951-5600 Telephone
(713) 951-5660 Facsimile
betsy.kamin@strasburger.com

**ATTORNEYS FOR DEFENDANT
EMERSON PROCESS MANAGEMENT LLLP**

OF COUNSEL:
**Anita M. Kerin**
State Bar No. 24052170
Federal ID No. 1078110
**STRASBURGER & PRICE, LLP**
909 Fannin Street, Suite 2300
Houston, Texas 77010
(713) 951-5600 Telephone
(713) 951-5660 Facsimile
anita.kerin@strasburger.com

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing instrument has been served this 26th day of August, 2014 in accordance with the Federal Rules of Civil Procedure.

/s/ Elizabeth B. Kamin
Elizabeth B. Kamin